CARLE *versus* BEARCE.

Upon a depositary, with whom money has been lodged, to be paid to a third person, *when the depositor shall have satisfied himself* of a fact connected with the deposit, there rests no duty to inquire whether the fact has occurred.

In a suit against a depositary, to recover a fund lodged with him, to be paid to the plaintiff, when the depositor should have satisfied himself of a fact connected with the deposit, evidence to show that the depositor had declared himself satisfied of the fact, is inadmissible, unless such declaration had been made known to the defendant before the suit.

ON EXCEPTIONS from *Nisi Prius,* TENNEY, J. presiding.

ASSUMPSIT, founded upon the following memorandum, signed by the defendant. " There is deposited in my hands this day $150,00, by R. D. Hill to be paid to John Carle, when said Hill shall have satisfied himself that the fourth part of the schooner Bahama, which said Hill has this day purchased of said Carle, is free from incumbrances "

Carle *v.* Bearce.

The plaintiff offered to show by the declarations of Hill, that he was satisfied as to the title. The Judge excluded the evidence.

Prior to the suit, (which was brought ninety-four days after the date of the memorandum,) the plaintiff had demanded the money of the defendant. Evidence was introduced by the plaintiff upon which a nonsuit was ordered. To that order, exceptions were filed. The other facts will sufficiently appear in the decision.

*J. & M. L. Appleton,* for the plaintiff.

The nonsuit was wrongfully ordered.

1. It was not shown or pretended that there was any incumbrance on the plaintiff's quarter of the schooner. Hill was bound to make his inquiries within a reasonable time. If he was allowed to delay *ad libitum,* he might virtually annul the contract. Not to have made his inquiries in a reasonable time, was a waiver of the reservation he had made in the deposit. The law would presume he was satisfied. Such reasonable time had elapsed. 14 Pick. 424; 5 Pick. 425.

If, then, Hill had signed the contract, an action upon it would be maintainable.

2. This suit is equally sustainable. If the title was good, Bearce was bound to pay, after a reasonable time for Hill's inquiries. Otherwise the plaintiff has lost his vessel, and the defendant gains the money. 5 Pick. 425.

Bearce represents Hill, and has no other defence than Hill would have had, if he had signed the contract.

3. There was evidence to satisfy the jury that Hill had found the vessel free from incumbrance.

4. The ascertainment of title by Hill was a matter which Bearce might waive. This he did, when saying "call, and if I find there is no claim on the vessel, I will pay you."

5. The declarations of Hill should have been received as evidence that he had become satisfied. They were to be viewed as admissions, either of the party in interest or of the party referred to in the contract. Hill is the real defendant, or is identified in interest with the defendant. 1 Greenl.

sect. 230, 285 ; 26 Maine, 117 ; 8 E. L. C. 240 ; 8 N. H. 356 ;
2 Stark. Ev. 42.

*McCrillis* and *Crosby*, for the defendant.

TENNEY, J. — This action is upon a written agreement
signed by the defendant. It does not appear, that he had any
other interest in the transaction therein referred to, than to
pay a sum of money deposited with him by R. D. Hill,
"when said Hill shall have satisfied himself, that the fourth
part of the schooner Bahama, which said Hill has this day
purchased of said Carle, is free and clear from all incumbran-
ces." He undertook no other · duty, than to make payment of
the money in such an event ; he was under no obligation to
ascertain, whether there was an incumbrance or not, or if any
claim was set up, to the part of the vessel, which Hill had
agreed to take, to determine whether the same was valid in
law, or otherwise. It appears, that he was desirous, that the
plaintiff should take back the vessel, and that the papers
should be exchanged, and thereby free him from all trouble.
But this the plaintiff declined to do, insisting that he should
hold the defendant responsible. The liability was never ad-
mitted by the defendant to be fixed, and this negotiation was
ineffectual. An attachment was made upon the plaintiff's
supposed interest in the vessel, but whether that superseded
the claim of Hill or not, the defendant had not undertaken to
decide. There was no evidence introduced in the case, tend-
ing to show that the defendant had been informed by Hill
or by others, that Hill was satisfied, that the vessel was free
and clear from all incumbrances. The event, which was to
entitle the plaintiff to the money deposited, not having taken
place, the defendant is not liable under the written memo-
randum.

There is no evidence showing that the right to have the
condition fulfilled was waived by the defendant, as is con-
tended in behalf of the plaintiff. The defendant told the
plaintiff, when he called for the money in company with
Lunt, "call on me on Thursday next, and if I find there is

Carle *v.* Bearce.

no claim on the vessel, I will pay you then." Whether the attachment had then been made does not distinctly appear, and it is unimportant. The plaintiff did not call on Thursday ; and there is no evidence, that the defendant had found that there was no claim upon the vessel, and this cannot be considered a waiver.

But it is contended, that the evidence offered and not received, was admissible, and was sufficient to authorize the jury to have returned a verdict for the plaintiff. In deciding this question, the evidence is to be supposed to exist precisely as it was represented to be ; nothing can be added to it or taken from it. The evidence tendered was, " the admissions of R. D. Hill, that he was satisfied, the vessel was free and clear from all incumbrances." The time when the admissions were made was not stated in the offer. If made after the suit was commenced, on no principle could they affect the defendant. But on the hypothesis that they were made before the action, could they legitimately affect him ? He might have been liable to one party or the other under his agreement. Payment to the plaintiff before the condition had happened, would expose the defendant to a claim from Hill, if there was an incumbrance upon the vessel. And a refusal afterwards, would render him liable to the other party. He could not be bound by a state of facts, which he did not know, and which by ordinary attention, he could not know. Hill might say many times, and to various persons, that he was satisfied, that no incumbrance existed upon the property, and still that admission be entirely unknown to the defendant. Such a fact alone could not make the defendant's liability absolute. The admission offered was unaccompanied by the further offer, that the fact was known to the defendant, or that he might have known by ordinary attention to his duty.          *Exceptions overruled.*

*Nonsuit confirmed.*